## BROOKLYN CITY COURT.

### ARMSTRONG agt. FOOTE.

No action can be maintained in a state court for a *tort* committed in the *Brooklyn Navy Yard*,—the state having ceded the exclusive jurisdiction of that place to the United States; the courts of the latter only have jurisdiction of such actions.

*June Term*, 1860.

MOTION by defendant to dismiss the complaint in this action.

H. A. MOORE *and* B. D. SILLIMAN, *for defendant*.
J. P. TROY, *for plaintiff*.

CULVER, Judge. This was an action to recover damages for an assault and battery and false imprisonment, committed by the orders of the defendant, on the 4th of April last. It appears that on the day mentioned the plaintiff, who was employed as a laborer in the Brooklyn Navy Yard, was arrested without process by the defendant, who is the executive officer of the yard, and kept in the guard house for about four hours, and until a warrant was procured and an officer came to arrest him for an assault and battery committed on the day previous upon Lieut. Almy, within the yard. On the part of the defence it was asserted that the plaintiff had made threats against Lieut. Almy, and that he was merely detained to prevent him from executing such threats.

It appears that the assault and imprisonment complained of were committed within the Brooklyn Navy Yard. The complaint must be dismissed, on the ground that the state courts have no jurisdiction of actions for torts committed within another jurisdiction. The state has ceded the

exclusive jurisdiction of the place in question to the United States, and no action can be maintained in a state court for a tort committed therein. The action must be brought in the United States courts.

The defendant's motion is granted.